# Staunton.

A. J. DULANEY AND OTHERS v. W. H. SMITH AND OTHERS.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*Roland E. Chase*, for the appellants.

*A. A. Skeen*, for the appellees.

CAMPBELL, J., delivered the opinion of the court.

This is an appeal from the Circuit Court of Dickenson county and the case displayed by the record is as follows: At the June term, 1922, of the circuit court, the Bank of Haysi recovered judgment against George French and D. W. Smith in the principal sum of $300.00, which judgment was duly docketed. V. E. Fleming, on the 9th day of June, 1922, obtained a judgment against George French in the sum of $27.70. At the August rules, 1922, the Bank of Haysi and Fleming instituted a creditors' suit to subject twenty-six acres of land owned by French to the payment of the lien indebtedness. The bill contained the allegation: "That there are no liens against the said land." George French failing to plead, answer or demur, the bill was taken for confessed and a decree was entered appointing a special commissioner to make sale of the land. After a sale was had, French, by leave of the court, filed his answer setting up the defense that the tract of land would rent for a sum sufficient in five years to discharge the indebtedness. Other creditors of French filed their petitions asserting debts against him, and also alleging that French was the owner of several other tracts of land.

An account of liens was ordered and after due notice to all creditors of French, the special commissioner reported to the court the lien indebtedness against French and that French was the owner of three

tracts of land, and fixed the rental value thereof at $180.00 per annum. Among the liens reported was a judgment in favor of C. A. Long against George French, W. H. Smith, J. F. Smith, Milton French and B. S. Rakes, for the sum of $325.00.

The report of the commissioner was duly confirmed by the court and a decree entered appointing a commissioner to rent the land. This decree was fully executed by the commissioner and George French became the renter of the land in question. The rental bond was executed by George French, with C. P. Fleming, C. R. McCoy, Sarah Rose and A. J. Dulaney as sureties. French defaulted in the payment of his rental bonds and on the 14th day of July, 1925, a decree of sale was entered and the property was sold pursuant thereto for the sum of $200.00.

During the pendency of the creditors' suit an execution was issued upon the C. A. Long judgment, and to avoid a levy, George French, as maker, and appellees, as endorsers, executed a negotiable note which was discounted at the Moss Bank, and the proceeds of the note applied to the payment of the C. A. Long judgment. The Long judgment was thereupon marked "satisfied in full by payment to C. A. Long by George French on February 12, 1924." This release upon the lien docket was made by A. A. Skeen, attorney for C. A. Long.

A decree was entered in the creditors' suit on the 16th day of October, 1924, and the following language appears therein: "* * * the judgment in favor of C. A. Long against George French, W. H. Smith, J. F. Smith, Milton French, and B. S. Rakes for the sum of $325.00 with interest from April 24, 1922, ten per cent attorney fee and $9.75 costs has been fully paid by the said Goerge French and that said judgment as appears

on record in judgment lien docket No. 5, page 129, was on the 16th day of August, 1923, marked fully satisfied and settled.

"It is therefore adjudged, ordered and decreed that L. N. Sowards, commissioner for renting the land described in the bill, credit on the first note to become due for said renting the amount of the first lien with interest, cost and attorney fee, and that this credit be made on the 28th day of June, 1923; and that the said commissioner, L. N. Sowards, pay said notes in his hands beginning with the fifth note and pay them until the amount of the sixth lien is exhausted, that is said commissioner, L. N. Sowards, shall, as of the 16th day of August, 1923, pay the fifth note and credit on the other note or notes going back from the fifth until the amount of the sixth lien which was paid by the said George French is credited on said note or notes. And this cause is continued."

On July 16, 1925, W. H. Smith, J. F. Smith, Milton French, and B. S. Rakes filed their petition in the original suit alleging that the C. A. Long judgment had been paid by them and concluding with the prayer that they be granted relief by "the enforcement of their said judgment by subrogation against the lands of said George French, the principal debtor, and then if said debts remain unpaid against the sureties of said rental notes, and that said special commissioner be required to proceed to carry out the orders and decrees in said chancery cause against the principal debtor and against the sureties on said rental notes until said debts, including the debt of petitioner, are fully discharged, and that petitioners be granted such other further and general relief as in equity they may be entitled to * * * ."

Appellants, sureties upon the rental notes executed

by George French, answered the petition denying that the judgment had been paid by appellees and relied upon the decree of October 16, 1924, as an adjudication of the question of payment. To sustain their several contentions appellants and appellees took the depositions of sundry witnesses. The evidence is conflicting upon the question of the payment of the note held by the Moss Bank. While the attorney who represented C. A. Long and W. H. Smith testified that the Long judgment was paid by appellees, his recollection of the time of payment is not clear. In his deposition we read as follows:

"Q. Was the land rented before or after the payment of this debt to Guss Long?

"A. The land was rented, my recollection is, a short time before the election of 1924, and before payment was made to Gus Long, I do not recall exactly when payment was made to Gus, but the land was rented, I think before the date of the entry made by me on the judgment lien docket."

"Q. That is before the payment to Gus Long?

"A. I don't know how, the date of the payment to Gus Long, but the judgment is dated October, 1922, and after looking at this, I am of the opinion the payment was made Gus Long before the land was rented; however, I could not say exactly as to that without having the papers to ascertain the date of the rental notes.

"Q. So you won't state you figured up this rental proposition as attorney for Harmon Smith?

"A. No, sir; but I was interested either for Gus Long or George French's sureties at the time the land was rented.

"Q. So you won't state that you did anything as attorney for Harmon Smith between the time that

Gus Long received his money and Harmon Smith came and had you file the petition in this suit?

"A. I cannot state positively as to any particular act I did for him, as before stated, I thought their interest was fully protected and they would be fully paid when the notes were collected.

"Q. Gus Long's judgment was among the first judgments against George French, was it not, and he would have received money out of the first annual rental payment?

"A. I don't remember the order of the judgments at all."

He also testified that the entry upon the judgment lien docket that French had satisfied the Long judgment was made by mistake, and that he was not aware of the decree entered on October 16, 1923, stating that the Long judgment had been satisfied by French.

W. H. Smith testified that he secured the loan from the Moss Bank and that he has paid "his part" of the note held by the bank. Neither of the other three endorsers testified in the case. George French testified that he secured the loan from the bank to pay the Long judgment and that he was still indebted to the bank. Lee Stanley, cashier of the Moss Bank, testified that "Gus. Long had a note on George French secured by W. H. Smith and others, and we loaned George French the money to pay the note." Stanley also testified that Smith paid a part of the renewal note and the residue thereof was being carried against the endorsers.

On the 11th day of October, 1927, the circuit court decreed that appellees should be subrogated to the rights of C. A. Long, and entered judgment against appellees as sureties upon the rental note of French. It is from that decree that an appeal has been allowed.

The first assignment of error is: "The judgment of

Long was paid by George French and not by appellees, and appellees are not entitled to subrogation."

Subrogation arises in favor of one who in the payment of a debt does so as a surety or is compelled to pay it to protect his own interest. It is purely a creature of equity, depending not upon principles of law, but is so administered as to secure essential justice, without regard to form. *Gatewood* v. *Gatewood*, 75 Va. 407.

The controversy resolves itself into a contest between two sets of sureties and turns upon the question of who should be most favored in a court of equity. Appellants voluntarily became sureties upon the rental bond of French with full knowledge of the fact that, in case French defaulted in the payment of his rent, the land rented would be sold and they would be liable for the difference, if any, between the sale price and the amount of the lien indebtedness. French did default in the payment of rent, the land was sold for a sum insufficient to discharge the indebtedness, and by operation of law the sureties became liable for the deficiency.

The question of fact then arises, whether French or appellees discharged the Long judgment. Though we concede that the question under the proof adduced is a close one, yet in view of the decision of the trial court in favor of appellees upon the conflict of evidence, this court would not be warranted in reversing the decree unless satisfied that it is palpably erroneous. This conclusion we are unable to reach. The fact that French was an insolvent debtor; that the note discounted at the Moss Bank was not paid at maturity; and the uncontradicted evidence that French is not now bound upon the renewal note when reinforced by positive evidence that the Long judgment was paid by appellees; that a mistake was made in the entry upon the lien docket; and that appellees were unaware of the

entry of the decree of October 16, 1923, are of sufficient probative weight to warrant the conclusion of the trial court.

The next assignment of error is as follows: "The claim of appellees is *res adjudicata*, having been adjudicated, that said Long judgment was 'fully paid by the said George French' by a decree in this cause which is conclusive against appellee."

This assignment of error is based upon the contention that the decree of October 16, 1924, adjudicated this question against appellees. We are unable to concur in this contention. The decree relied upon was not an adjudication of the question of payment of the Long judgment. Until the filing of a petition by appellees seeking an enforcement of their alleged claims against appellants, the question was not properly before the court. It is well settled that courts are not to adjudicate questions either of law or fact which are not embraced in the pleadings. In order for a judgment to constitute *res adjudicata*, it must be a judgment on the merits. The merits of the present controversy were not passed upon by the court until the entry of judgment against appellants. Until then no final decree had been entered adjudicating the respective rights of the parties.

In *Linkous* v. *Stevens*, 116 Va. 910, 83 S. E. 417, 420, Judge Cardwell said: "In *Reynolds* v. *Stockton*, 43 N. J. Eq. 211, 10 Atl. 385, 3 Am. St. Rep. 307, which is a well considered case, it is held that the matter in controversy is that exclusively which is presented by the pleadings and the issue framed thereby; and that a decree which is entirely aside of the issue raised in the record is invalid and will be treated as a nullity, even in a collateral proceeding."

The last assignment of error reads thus: "The

tenancy of the said George French was terminated, the land sold and there is no liability for rent as the tenant or lessee was evicted and deprived of the premises."

When it is recalled that French defaulted in the payment of his rental notes held by an officer of the court, and that he was "evicted" in order to pay his debts by a sale of his land, this assignment of error seems to us most frivolous. There is no merit in it.

There is no error in the decree of the circuit court, and it is affirmed.

*Affirmed.*