# Richmond

MARGARET N. PARKS v. NITA P. WILTBANK, AND OTHERS.

April 21, 1941.

Record No. 2322.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and
Spratley, JJ.

*H. Ames Drummond* and *C. Lester Drummond,* for the plaintiff in error.

*Elmer W. Somers, Ernest Ruediger* and *J. Brooks Mapp,* for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

Nita P. Wiltbank caused certain property of N. P. Henderson to be distrained for $50 alleged to be due her as rent. Henderson filed an affidavit under Code, section 6151, admitting that he owed $50 rent for October, 1939, and alleging that Margaret N. Parks also claimed the rent. Thereupon the court ordered Margaret N. Parks to appear, state the nature of her claim and maintain or release it.

On February 6, 1940, Margaret N. Parks filed her petition alleging that she had acquired a life interest in the property in question on February 13, 1939, by deed from M. Jeannette Parks; that since the date of her deed she had collected all rents from the property until September, 1939, when the same grantor, M. Jeannette Parks, conveyed the same property to Nita P. Wiltbank; and that at the time Nita P. Wiltbank accepted her deed she had full knowledge of the fact that M. Jeannette Parks had previously conveyed all her right, title and interest in the property to Margaret N. Parks. She further alleged that the deed to Nita P. Wiltbank was without consideration and void.

On the same date, February 6, 1940, Nita P. Wiltbank filed an answer to the petition. In this answer she alleged that she was the purchaser of the property for value and without notice, actual or constructive, of the deed from her grantor, M. Jeannette Parks, to Margaret N. Parks, which deed had been recorded in the miscellaneous lien book and not recorded or indexed in the proper deed book in the clerk's office of the Circuit Court of Accomack county.

The parties waived a jury and submitted all questions of law and fact to the trial judge. M. Jeannette Parks was called as a witness for Nita P. Wiltbank. At the conclusion of her testimony the trial judge, with her consent, made her a party to the proceeding; however, M. Jeannette Parks filed no pleadings and asked for no

relief. The court entered a final order declaring both deeds—the deed of February 13, 1939, conveying the property to Margaret N. Parks, and the deed of September 21, 1939, conveying the same property to Nita P. Wiltbank—invalid and directing the $50 due by N. P. Henderson for the month of October, 1939, to be paid to M. Jeannette Parks. From that order Margaret N. Parks sought and obtained this writ of error.

Nita P. Wiltbank and M. Jeannette Parks, now defendants in error, contend that this court is without jurisdiction because the amount in controversy is less than $300.

The amount stated in the affidavit filed by N. P. Henderson is only $50. However, the evidence reveals that the present annual rental of the property is $1,536. It was stated in the argument that the parties had selected, with the consent of the court, an agent to collect and hold the monthly rents subject to the decision in this case. The settlement of the issues made by the petition of Margaret N. Parks and the answer of Nita P. Wiltbank determines, as between them, the ownership of the property described in the two deeds. The jurisdiction of the trial court to decide these issues in this proceeding was not raised.

The judgment declares that the deed from M. Jeannette Parks, purporting to convey a life interest in the property to Nita P. Wiltbank, is void and of no effect. Nita P. Wiltbank, notwithstanding this adverse decision, seems satisfied with the adjudication, as she urges in the reply brief that the decision of the trial court be affirmed. Margaret N. Parks does not question the jurisdiction of the court to render the adverse decision, but she does question the correctness of the court's action in declaring her deed invalid and transferring the title to the property described to a third person who was not an original party to the proceeding, who filed no pleading and who asked the court for no relief. The court has not only entered a judgment on a money de-

mand, but it has solemnly declared that two instruments under seal, purporting to convey a life interest in real estate, are invalid. This adjudication, on the face of the judgment, has ''drawn in question a freehold * * * or the title or bounds of land.'' Code, section 6337.

The issues presented by the pleadings are issues between Margaret N. Parks on the one hand, and Nita P. Wiltbank on the other. The controversy in this court is between Margaret N. Parks and M. Jeannette Parks, although neither of these parties has filed any pleadings in the lower court against the other.

The evidence introduced by the original parties to the proceeding was pertinent to prove the facts alleged in the pleadings. If some third party had a claim to the same property, the subject matter of the litigation, and desired to litigate such claim, it was incumbent upon such party to set forth the facts on which such claim was based in a proper pleading filed in a case then pending, or to institute an independent suit. It is essential that these elemental principles of procedure be followed, otherwise a party might be deprived of property without having a day in court.

In *Dobie* v. *Sears, Roebuck & Co.*, 164 Va. 464, 475, 180 S. E. 289, 107 A. L. R. 1026, we said: ''A party seeking equitable relief is entitled to any relief which the material facts and circumstances put in issue by the bill may sustain, but such relief must be consistent with the pleadings and the prayer. See *James* v. *Bird's Adm'r*, 8 Leigh (35 Va.) 510, 31 Am. Dec. 668.

''In *Hurt* v. *Jones*, 75 Va. 341, relief was requested which was not included within the bill or the prayer. Judge Burks, in disposing of the case, said: 'Extending to the appellees all the indulgence which the most liberal rules of practice at this day would warrant, it is impossible, without a total disregard of the plainest and most essential principles of pleading, to grant them the special relief now prayed at the bar, but not in the bill,

even if we thought them entitled to it in a proper case, as to which we express no opinion.

\* \* \* \* \*

" 'In *Hiern* v. *Mill,* 13 Ves. R. 114 (cited in 1 Dan. Ch. Prac. 380), Lord Eldon said: "The rule is, that if the bill contains charges, putting facts in issue that are material, the plaintiff is entitled to the relief *which those facts will sustain,* under the genral prayer; but he cannot desert the specific relief prayed, and under the general prayer ask specific relief of another description, *unless the facts and circumstances charged by the bill* will, consistently with the rules of the court, maintain that relief."

" 'The test of the relief to be granted is not the *case proved, but the case stated in the bill upon which the issue is made up.' " * See *Dobbs* v. *Dobbs,* 150 Va. 386, 143 S. E. 702.

The record discloses that Margaret N. Parks has had no opportunity to answer the claim of M. Jeannette Parks or to introduce any evidence tending to establish her right to the property as against M. Jeannette Parks.

We have refrained from commenting on the evidence introduced because it appears from the testimony of M. Jeannette Parks that her claim, if she has any, to the property as against Margaret N. Parks is of an equitable nature and should be litigated in that forum. Inasmuch as she became a party to the proceeding on the request of the trial court, she should be given an opportunity to assert her claim in a proper manner.

The judgment attacked is set aside and reversed insofar as it declares the deed of February 13, 1939, conveying the property in question to Margaret N. Parks, invalid. The case is remanded with directions to the trial court to give M. Jeannette Parks reasonable time in which to litigate any claim she may have to the prop-

erty. If she fails to institute such proceeding in a reasonable time, then the trial court should enter final judgment in behalf of Margaret N. Parks for the rent collected and held subject to the order of the court in this proceeding.

*Reversed and remanded with directions.*