# Wythebille

### P. H. DREWRY v. JOHN J. DOYLE, ET ALS.

June 8, 1942.

Record No. 2534.

Present, Campbell, C. J., and Holt, Hudgins, Eggleston and Spratley, JJ.

The opinion states the case.

*William Old,* for the appellant.

*Willis W. Bohannan,* for the appellee, John R. Doyle, Receiver.

CAMPBELL, C. J., delivered the opinion of the court.

The First National Bank and Trust Company of Petersburg, Virginia, instituted a general creditor's suit against J. W. Y. Poole, in his own right and as executor of the last will and testament of W. E. Poole, deceased. Appellant, P. H. Drewry, was impleaded as a party defendant, pursuant to the specific allegations of the bill of complaint, that he was co-endorser with W. E. Poole, upon three notes in the sums of $870, $1,560 and $3,700, respectively, owned by and payable to the bank, and past due.

During the progress of the suit, Paul Roper and Petersburg Hospital, Incorporated, filed petitions as creditors of the Poole estate. Appellant did not file an answer to the specific allegations of the bill, as it was shown in the evidence that

he had paid to the bank the various sums set forth in the bill of complaint.

In order to ascertain the assets and liabilities of the estate of W. E. Poole, deceased, the cause was referred to William Hodges Mann, Jr., commissioner, who on December 9, 1939, filed his report. This report sets forth that in the year 1920, Drewry, W. E. Poole, R. E. Long and R. L. Young purchased, for the sum of $18,087.50, a certain tract of land in Chesterfield county, Virginia, known as "Isle of Pines," containing 1,426 acres; and that the legal title to the land was vested in R. L. Young. The purchase and sale of this tract of land is involved in this appeal.

In an effort to ascertain what, if any, interest the Poole estate had in the "Isle of Pines" tract of land, appellant voluntarily appeared and was examined as a witness in the proceedings before the commissioner.

The full report of the commissioner is not a part of the record but it is conceded that appellant testified in substance as follows:

When the "Isle of Pines" property was acquired in January, 1920, the only agreement between the parties was a verbal one. For a period of sixteen years the property was held jointly, the effort to dispose of it being without avail. In the meantime, W. E. Poole departed this life and J. W. Y. Poole, legatee and devisee under his last will and testament, qualified as executor of the estate. The question of further financing the "Isle of Pines" property, upon which there was a large indebtedness, became acute, and on the 21st day of April, 1936, R. L. Young, R. E. Long and J. W. Y. Poole, as executor and legatee of W. E. Poole, conveyed to P. H. Drewry the "Isle of Pines" tract, by deed reading in part as follows:

"WITNESSETH THAT WHEREAS R. L. Young, R. E. Long, W. E. Poole and P. H. Drewry were part owners in equal proportions of the tracts of land hereinafter conveyed, which said tracts of land were bought from A. L. Adamson and wife by deed dated January 7, 1920, recorded in Deed Book 157, page 249 in the Clerk's Office of Chesterfield

County, Virginia, in which R. L. Young was made the grantee, he owning one-fourth of said land and being trustee for the other three-fourths owned by P. H. Drewry, R. E. Long and W. E. Poole, and

"WHEREAS W. E. Poole died leaving his Executor and legatee J. W. Poole, and

"WHEREAS, the purchase price of the property was obtained by obligations signed by the above mentioned parties, R. L. Young, R. E. Long, W. E. Poole and P. H. Drewry, which said indebtedness has never been paid, and

"WHEREAS it is desired by all parties hereto that the full and complete ownership of the said property be and remain in P. H. Drewry in order that he may have full control of same, and assume control of further indebtedness of said property."

In December, 1936, appellant sold the "Isle of Pines" to Hummell-Ross Fibre Company for the sum of $24,550.76. After paying off the indebtedness, appellant distributed the residue to the parties who, in his opinion, had borne the burden of financing the "Isle of Pines" transaction. The distribution was as follows: To R. E. Long, the sum of $135.66; to R. L. Young, the sum of $1,195.41; and to himself, the sum of $2,173.51. No payment was made to the executor, as it was the contention of appellant that he had declined to contribute further to the expense of financing the proposition.

In due time the commissioner filed his report, stating that, in his opinion, appellant was indebted to the estate of W. E. Poole. This conclusion was reached, as shown by the decree confirming the report, on the ground that the deed of appellant was ineffectual to divest the estate of W. E. Poole of its interest in the "Isle of Pines" tract of land, and therefore, the proceeds of the sale of the land became impressed with a trust in favor of the estate of W. E. Poole to the extent of payments made by him in financing the "Isle of Pines" purchase.

In conformity with this conclusion, the chancellor entered the decree complained of, which, so far as it is pertinent,

reads: " * * no exceptions to the commissioner's report having been filed by P. H. Drewry, it is adjudged, ordered and decreed that the estate of W. E. Poole, deceased, be, and it is hereby awarded a judgment or decree for money against P. H. Drewry for the sum of $1,712.81 with interest thereon from December 31, 1936 * * * ."

Subsequent to the entry of this decree, appellant filed his petition alleging that the court was without jurisdiction to enter the decree against him. The petition further alleged that if the court did have jurisdiction in the matter, then the estate of W. E. Poole was indebted to him in a sum in excess of the judgment pronounced, and, therefore, he was entitled to set off said sum upon a final determination of the controversy upon the merits.

John R. Doyle, receiver of the First National Bank and Trust Company, filed a demurrer to appellant's petition, which was sustained, and the petition was dismissed.

It is assigned as error that the court, under the pleadings in this cause, had no jurisdiction to enter any personal judgment against appellant, or to adjudicate the rights of the parties so far as the "Isle of Pines" joint venture is concerned. This assignment of error is well founded.

It must be conceded that until appellant testified before the commissioner, complainants were ignorant of the "Isle of Pines" venture. This being true, there was no averment in the bill in regard to the matter. The only reference to appellant in the bill of complaint is that he was endorser, along with W. E. Poole and others, on three notes held by the bank. The only relief prayed for against appellant is that he be liable on these notes, which, as stated, had been paid by him.

It is a significant fact that while the executor of W. E. Poole, deceased, is not seeking any relief against appellant, the estate he represents is awarded a judgment against appellant and he is ordered to pay the money—not to the estate but to the clerk of the court who shall deposit the same to the credit of the court in this cause.

While we express no opinion on the merits relative to

the "Isle of Pines" venture, we are of opinion that the decree complained of, in so far as it concerns appellant, is beyond the issues made by the pleadings. This court has many times stated that a decree "which is beyond the pleadings filed and the issues therein, is void whether the appellant filed an answer or not." *Powers v. Sutherland*, 157 Va. 336, 160 S. E. 57.

In *Seamster v. Blackstock*, 83 Va. 232, 2 S. E. 36, 5 Am. St. Rep. 262, the principle is thus expressed:

"It is an elementary principle in our jurisprudence, that jurisdiction of the subject matter and the parties is essential to the conclusiveness of a judgment or decree. And though a court may obtain jurisdiction rightfully, yet its decrees may be void, because, in the progress of the cause, it has exceeded its jurisdiction. The adjudged cases furnish numerous examples of this kind. Thus, where a bill is filed to sell a certain lot, and a decree is entered for the sale of another and different lot, not named in the bill, and to which the bill has no relation, such decree, as respects the last mentioned lot is a nullity."

In *Linkous v. Stevens*, 116 Va. 898, 83 S. E. 417, the court quoted with approval the following expression of the principle here involved, contained in Black's work on Judgments, Vol. 1 (2nd ed.), sec. 242:

"Besides jurisdiction of the person of the defendant and of the general subject matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant. In other words, a judgment which passes upon matters entirely outside the issue raised in the record is so far invalid. Jurisdiction may be defined to be the right to adjudicate concerning the subject matter in the given case. To constitute this there are three essentials. First, the court must have cognizance of the class of cases to which the one to be adjudged belongs. Second, the proper parties must be present. And third, the point decided must be, in substance and effect, within the issue. * * * "

In *Dobbs* v. *Dobbs*, 150 Va. 386, 143 S. E. 702, this is said:

"The test of the relief to be granted is not the case proved, but the case stated in the bill upon which the issue is made up."

In *Parks* v. *Wiltbank*, 177 Va. 461, 14 S. E. (2d) 281, Mr. Justice Hudgins said:

"In *Dobie* v. *Sears, Roebuck & Co.*, 164 Va. 464, 475, 180 S. E. 289, 107 A. L. R. 1026, we said: 'A party seeking equitable relief is entitled to any relief which the material facts and circumstances put in issue by the bill may sustain, but such relief must be consistent with the pleadings and the prayer.' See *James* v. *Bird's Adm'r*, 8 Leigh (35 Va.) 510, 31 Am. Dec. 668."

It is our conclusion that the appellant has not been afforded "a day in court" and we, therefore, set aside and reverse the decree complained of, and this cause is remanded without prejudice to any rights complainants may have.

*Reversed.*