# Wytheville

JAMES P. WOODS AND THOMAS A. LUPTON, EXECUTORS, ETC. v. C. J. STULL, ET ALS.

June 22, 1944.

Record No. 2787.

AND

C. J. STULL v. ROANOKE COCA-COLA BOTTLING WORKS, INC., ET ALS.

June 22, 1944.

Record No. 2788.

Present, All the Justices.

The opinion states the case.

Record No. 2787.

R. Roy Rush and English Showalter, for the appellants.

Kime & Hoback, Thomas Stockton Fox and Dillard & Dillard, for the appellees.

Record No. 2788.

Dillard & Dillard, for the appellant.

Kime & Hoback, Thomas Stockton Fox, R. Roy Rush and English Showalter, for the appellees.

SPRATLEY, J., delivered the opinion of the court.

These two separate petitions for appeals are based on a single record, and arise out of a proceeding instituted by C. J. Stull under Virginia Code, 1942 (Michie), section 6140a, *et seq.*, in the Hustings Court of the City of Roanoke, Virginia, seeking a declaratory judgment in a controversy involving the interpretation of a certain provision in the last will and testament of J. Shirley Riley, deceased. The Roanoke Coca-Cola Bottling Works, Inc., James P. Woods and Thomas A. Lupton, trustees under the last will of J. Shirley Riley, deceased, the First National Exchange Bank of Roanoke, Virginia, trustee for Georgia R. Knisely, and Georgia R. Knisely were named parties defendant. By an order of the court, process was issued and served on Woods and Lupton as executors and trustees under the will of Riley rather than merely as trustees. The remaining defendants were summoned as named. No evidence was taken in the case, and the decree appealed from was based on the pleadings and exhibits filed therewith.

The Roanoke Coca-Cola Bottling Works, Inc., will be hereinafter referred to as the corporation; the First National Exchange Bank, trustee for Georgia R. Knisely, as the bank; Georgia R. Knisely as Mrs. Knisely; and James P. Woods

and Thomas A. Lupton, as executors, or trustees, or executors and trustees, as their relation to the proceedings may appear.

The bill of complaint alleged that in September, 1932, Stull, an expert accountant, with an established and profitable business in accountancy in the city of Roanoke, Virginia, was requested by J. Shirley Riley to give up his business and accept employment with the bottling corporation; that Riley, a majority stockholder in the corporation, stated that he had absolute control of it and would guarantee the permanent employment of Stull by it as long as his services were reasonably satisfactory, at a salary of $5,000 per year, with such increase as conditions might justify; that Riley further said he would execute his will, making a provision for such employment after his death; that Stull accepted the offer, went to work for the corporation, and continued in its employment for about ten years; that at the time of his discharge, as of January 1, 1942, he was receiving $6,600 a year and an annual bonus amounting to a considerable additional sum; that Riley carried out his contract with him in full up to the time of his death, and prepared his will in such a manner as to take care of him after his death; that Riley's will, dated February 15, 1934, filed as an exhibit, was duly admitted to probate on February 5, 1940; and that the said will contained the following provisions and restrictions to protect Stull:

### Item IV

"I devise and bequeath unto my hereinafter named executors as trustees my entire holdings of the capital stock in the Coca Cola Bottling Works of Roanoke, Virginia, owned by me at the time of my death, together with any interest in or right to purchase any other stock in said corporation, which right to purchase I hereby authorize my trustees to exercise, to be held by them upon the following terms and conditions:

"(a) Said trustees shall have title to, custody and control of said capital stock and shall manage and vote the same

in such manner as in their judgment is most advantageous for the beneficiaries of the trust but shall not sell or dispose of my holdings of said stock or any part thereof without the consent of my mother first had thereto provided she is living and then capable of giving such consent and provided further that said stock shall be so voted as to secure continued employment by said corporation with a reasonable salary or compensation to each so long as their services are reasonably satisfactory for the following persons: C. J. STULL, IRA T. BURNS and GEORGE L. TEMPLE, all of Roanoke, Virginia.

"(b) Subject to the restrictions above provided, said trustees are hereby vested with full power and authority from time to time to sell, encumber and convey such part or all of said stock as in their judgment is deemed advisable and upon such terms as they deem advisable and from time to time to reinvest the proceeds thereof in such manner as is by them deemed most advantageous for the beneficiaries of the trust, and purchasers from them or persons dealing with them shall not be chargeable with the proper application of any funds coming into their possession and constituting the whole or any part of the trust estate. In the event of sale and reinvestment of the funds derived therefrom said trustees shall not be restricted in their investment to those enumerated in section 5431 of the Code of Virginia or any amendments thereof or supplements thereto.

"(c) Said trustees shall, for the purpose hereinafter mentioned, divide the corpus of the trust estate passing to them under this item of my will into two parts of approximately equal value.

"(1) The income from one-half of said trust estate shall be paid to my said mother as long as she shall live. Upon her death the corpus of this one-half of the trust estate shall be paid over or delivered to such persons or corporation as she may by will or other written instrument nominate or appoint; or, in the event of her failure to so nominate or appoint, then to her heirs at law.

"(2) Out of the other one-half of said trust estate, said

trustees shall set apart to the extent that said fund is sufficient property and securities of the value of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS as a spend-thrift trust under section 5157 of the Code of Virginia (1930). The income from said $100,000.00 fund shall be applied by the trustees to the support and maintenance of my said sister as long as she shall live without being subject to her liabilities or to alienation by her. The income from the remainder of this one-half of the trust fund in excess of said sum of $100,000.00 shall be paid by said trustees to my said sister as long as she shall live. Upon the death of my said sister, the entire corpus of this one-half of said trust fund shall be by said trustees paid over or delivered to such persons or corporations as my said sister may by will or other written instrument nominate and appoint: or, in the event of her failure to make such appointment, then to my heirs at law."

The bill further alleges that under the will of Dora A. Whitesell, a copy being filed as an exhibit, J. Shirley Riley acquired a vested remainder in 100 shares of stock in the said corporation, subject to a trust providing for the payment of a specified part of the dividends thereon to Mrs. Knisely for her life; that Mrs. Whitesell died leaving surviving her Riley and Mrs. Knisely; that subsequently Riley died leaving surviving him Mrs. Knisely, his sister; that Riley, at the time of his death, also owned 500 shares of stock in the corporation in his own right; that the provisions of item IV of the will of Riley impressed upon his entire holdings of the capital stock in the corporation a trust to insure and protect Stull in his employment so long as his services were reasonably satisfactory, and a command upon the executors and trustees of Riley's will to so vote said stock; that not considering the interest of Riley in the 100 shares derived from his mother's will, the trustees thereunder, James P. Woods and Thomas A. Lupton, held 250 shares of stock impressed with the trust, having delivered 250 shares to Mrs. Knisely, retaining the voting power therefor; that the said 500 shares were a majority of the 900

shares of stock issued by the corporation; that Stull's services had been reasonably satisfactory to the trustees and to the employees of the corporation, except such as held a personal grudge against him; that without the knowledge or consent of the trustees holding the voting power of the 500 shares of stock, Stull was discharged without cause as of January 1, 1942, and although he had made every reasonable effort to obtain further employment, he had not been able to do so; that his salary was due him from the corporation for the months of January, February, and March, 1943, at the rate of $550 per month, and for such future months as he should be unable to secure employment, less a credit for future employment, if obtainable; that Woods and Lupton, trustees, had failed in the performance of their duty to vote or cause to be voted the stock impressed by the trust of Riley in favor of his employment, and had thereby breached the contract of Riley with him, whereby the trustees became responsible for the salary past due and to become due; that all persons who held the stock passing under the will of Riley held the same subject to the employment trust in his favor; and that the above-named parties having denied his claims, a real and existing controversy existed between Stull and the defendants, the corporation, Mrs. Knisely, and the said trustees, as well as the bank, trustee for Mrs. Knisely.

The bill prayed "that the proper defendant, whether the Roanoke Coca-Cola Bottling Works, Inc., the Trustees of the last Will of J. Shirley Riley, the First National Exchange Bank of Roanoke, Virginia, Trustee, or Georgia R. Knisely, may be ordered to pay" his past due salary and that his rights as to future employment and payment be set up and established; and, if necessary, that a mandatory injunction be issued "directing the proper defendant" to so vote the stock as to continue his employment with the corporation so long as his services should prove reasonably satisfactory.

The exhibits disclosed the following facts:

Riley died January 27, 1940. His will, after bequeathing

certain tangible personal property, in equal shares, to his mother, Dora A. Whitesell, and his sister, Georgia R. Knisely, and after making three specific bequests and the provision in item IV for the trust therein set up, as quoted hereinbefore, devised the rest and residue of his property, including his real estate, share and share alike, to his mother and sister. James P. Woods and Thomas A. Lupton were nominated as executors and trustees, and qualified as such.

Mrs. Dora A. Whitesell died November 16, 1939. She bequeathed certain stock, including 100 shares of the Roanoke Coca-Cola Bottling Works, Inc., to J. Shirley Riley, in trust, the dividends therefrom to the extent of $3,500 to be paid to her daughter, Mrs. Knisely, for life, and at the death of Mrs. Knisely the stock to become the absolute property of J. Shirley Riley, free and discharged from the trust. After making certain other provisions for her husband, G. D. Whitesell, and her daughter, Mrs. Knisely, she devised and bequeathed all of the rest and residue of her property to Riley absolutely and in fee simple.

The corporation, the bank as trustee for Mrs. Knisely, and Mrs. Knisely filed what they termed their joint and separate answer. Without denying or admitting the allegations of the bill, they reserved the right to later file separate and supplemental answers. They prayed the court to first determine "the existence, legality, and enforceability of any asserted employment trust as may be contained in said wills in favor of" Stull and "in the light of said construction, determine which, if any, of these respondents are bound thereby, and which, if any, shares of the capital stock in the Roanoke Coca-Cola Bottling Works, Inc., are subject to the terms and provisions of such employment trust in favor of C. J. Stull (if the court should so finally determine that it is, in fact, such a valid and enforceable trust in his favor)," so that they might further properly answer.

The trial court was also asked to take cognizance of former proceedings in the Court of Law and Chancery of the City of Roanoke, in connection with the wills of Riley

and Mrs. Whitesell, a copy of which proceedings was filed as a part of the above answer.

The proceedings in the Court of Law and Chancery, so far as pertinent, may be summarized as follows:

On September 28, 1940, Mrs. Knisely made a motion for an order to show cause against the distribution of the estate of Riley. The executors filed an answer, and the order to show cause was entered on September 30th. On October 31, 1940, an order for distribution was duly entered, which directed that the executors deliver unto Georgia R. Knisely, under item IV, section (c), subsection (1) of the will of Riley, a certificate for 250 shares of stock of the Roanoke Coca-Cola Bottling Works, Inc.; that she should have the right to vote the stock but should endorse the certificate therefor, and return it to the executors to be held by them until their liability in connection with all taxes, claims and demands against Riley's estate had been satisfied.

On December 20, 1940, on motion of Mrs. Knisely, the First National Exchange Bank of Roanoke, Virginia, was substituted as trustee in the place and stead of J. Shirley Riley, trustee, deceased, under the will of his late mother, Mrs. Whitesell.

On May 20, 1942, James P. Woods and Thomas A. Lupton, as executors and trustees under the will of Riley, filed their answer in the Hustings Court to Stull's bill, thereby making themselves parties to the suit as executors and trustees. They admited that Dora A. Whitesell predeceased J. Shirley Riley, leaving Riley, her son, Georgia R. Knisely, her daughter, and George D. Whitesell, her husband, as her sole heirs-at-law and distributees; that Mrs. Knisely was the sole heir-at-law and distributee of J. Shirley Riley, deceased; and that Riley, at the time of his death, held, as trustee under the will of his mother, a vested remainder in 100 shares of the capital stock of the corporation, the entire beneficial interest therein passing to Georgia R. Knisely on his death, subject to the provisions of Mrs. Whitesell's will, and 500 shares of stock in his own right. They averred that in accordance with the order of the Court of Law and

Chancery of October 31, 1940, they had delivered to Mrs. Knisely 250 shares of the said stock; that they then had no further connection therewith, except that the certificate therefor issued in the name of Georgia R. Knisely was pledged to them pending final settlement of the estate; that the remaining 250 shares of the said stock were held by them as trustees; that they controlled and had the right to vote only 250 shares of stock in the said corporation, which was a minority interest, the remaining 650 shares being held as follows: First National Exchange Bank, trustee for Mrs. Knisely 100 shares; Mrs. Knisely 250 shares, and George D. Whitesell 300 shares; that they had no active connection with the management of the corporation, except that James P. Woods was a member of the board of directors, the other directors being nominees of the majority of the stockholders; that so far as they knew, the services of Stull had been satisfactory to the corporation, but they were not sufficiently familiar with the operation of the corporation to have definite information on that point; that they did not know that Stull had been discharged by the corporation or by whose authority; and that they left to the court the determination of the question whether all of the stock owned or controlled by Riley, at the time of his death, was subject to or impressed with the trust claimed by Stull.

On June 10th, 1942, with the consent, or at least the acquiescence of all the parties, a decree was entered reciting that the cause came on to be heard on complainant's petition after due service of process on all of the defendants, including James P. Woods and Thomas A. Lupton, executors and trustees of the last will of J. Shirley Riley, deceased, upon the answer of Woods and Lupton, executors and trustees, filed by leave of the court, and upon the answers and motions of the remaining defendants. This decree adjudged and ordered that it would be "proper and clarifying" as to the several issues involved to construe the wills of Riley and Mrs. Whitesell, and to determine whether or not there was therein any employment contract in favor of Stull and, if so, the nature and extent of same, and the rights and duties

of the several trustees under both of the said wills, and which, if any, of the shares of the stock of the said corporation were subject to any trust provision in favor of Stull, and to take cognizance of the former proceedings in the court of law and chancery, in so far as the same were applicable. Leave was granted to the corporation, the First National Exchange Bank, trustee, and Georgia R. Knisely to file further and additional answers, should they deem it necessary.

The trial court, after considering the record, the written briefs of counsel, and all matters and issues in controversy, for reasons set forth in its written opinion, made a part of the record, by its decree entered on April 26, 1943, held as follows:

"(1) The provision in the will of J. Shirley Riley, relating to C. J. Stull was totally inoperative as far as the 100 shares of the Capital Stock of Roanoke Coca-Cola Bottling Works, Inc., is concerned and which the said J. Shirley Riley held as Trustee, at the time of his death, under the will of Dora A. Whitesell, and which said stock is now held by the First National Exchange Bank of Roanoke, Va., as Trustee for Georgia R. Knisely.

"(2) The trust provisions contained in the will of J. Shirley Riley, relating to the 250 shares of Capital Stock of Roanoke Coca-Cola Bottling Works, Inc., set up for the benefit of his mother, Dora A. Whitesell, never became operative, she having predeceased the testator, and the title to said stock having thereupon become vested in Georgia R. Knisely, absolutely and in fee simple, and free from all restrictions or trusts by virtue of the will of J. Shirley Riley in favor of the said C. J. Stull.

"(3) The remaining 250 shares of the capital stock of the Roanoke Coca-Cola Bottling Works, Inc., now held by Jas. P. Woods and T. A. Lupton, Executors and Trustees under the will of J. Shirley Riley, deceased, pursuant to the trust set up in said will for the benefit of Georgia R. Knisely, are not subject to a trust, employment or otherwise, in favor of C. J. Stull, but said stock is now held for

the sole benefit and for the best interests of Georgia R. Knisely, whose welfare alone the said Trustees are required to consider and preserve in carrying out the duties imposed by said trust.

"(4)   No valid and enforceable employment trust, in favor of C. J. Stull, having been created, Roanoke Coca-Cola Bottling Works, Inc., was under no obligation to retain the services of the said C. J. Stull; in so far as the will of J. Shirley Riley is concerned;

"(5)   That, even though a valid and enforceable contract. may exist between C. J. Stull and J. Shirley Riley, said contract would be unenforceable and inoperative as far as Roanoke Coca-Cola Bottling Works, Incorporated, is concerned and would and does not constitute a binding and enforceable contract against said Corporation.

"It Is, Therefore, still further Adjudged, Ordered and Decreed, that Roanoke Coca-Cola Bottling Works, Inc., Jas. P. Woods and Thomas A. Lupton as Trustees under the last will of J. Shirley Riley, deceased, The First National Exchange Bank of Roanoke, Virginia, Trustee for Georgia R. Knisely, and Georgia R. Knisely, be, and they are hereby jointly and severally, dismissed as defendants herein with the right to each to recover the costs incurred herein by each;

"And this cause is hereby retained as to Jas. P. Woods and Thomas. A. Lupton, Executors, for such other proceedings as the Court, or the parties hereto, may be advised to be proper in the premises."

The decree then dismissed the cause as to the corporation, Woods and Lupton as trustees, the bank as trustee for Mrs. Knisely, and decreed costs in their favor, retaining it as to Woods and Lupton, executors, for such further proceedings as might be deemed proper.   The executors and trustees filed a written motion for permission to withdraw their joint answer, and for leave to file, in lieu thereof, as executors, a demurrer, and, as trustees, a separate answer should the court determine the latter to be necessary.   Mrs. Knisely, the bank as trustee for her, and the corporation objected to this motion, which objection the court sustained.   It denied the

executors' motion so far as Mrs. Knisely, the bank as her trustee, and the corporation were concerned; but granted them leave to file a separate answer as to Stull. It then decreed that as to Stull, the answer which had been filed by the executors and trustees should be treated as withdrawn, although retained as a part of the record as to the other defendants; that no further answer from the trustees was necessary; that the demurrer of the executors be overruled; and granted leave to the executors to file a separate answer within thirty days.

Stull contends that the trial court erred in finding, first, that the will of Riley did not create a trust securing him a permanent position with the bottling corporation, and, second, that, "even though a valid and enforceable contract may exist" between Stull and Riley, it was inoperative as to the bottling corporation.

Woods and Lupton, in their petition, filed as executors of Riley, contend that the trial court erred, first, in dismissing the cause as to the corporation and in continuing it as to the executors; and, second, in holding that the 250 shares of the stock held by Woods and Lupton, as executors and trustees under the will of Riley, "is now held for the sole benefit and for the best interest of Georgia R. Knisely," etc.

No error has been assigned to the dismissal of the bank as trustee for Mrs. Knisely, and we may, therefore, give no further consideration to the status of the 100 shares of stock in the bottling corporation held by the bank as trustee.

It appears that Stull was not fully certain against whom he had a cause of action, or who should be required to employ and pay him. However, his bill deals primarily with an alleged understanding between him and Riley and with the contention that the will of the latter set up a definite employment trust for the benefit of the former.

The entire record, the pleadings, the motions, the hearings, and the arguments are all directed to the principal purpose of determining whether or not the will created the alleged employment trust. The crux of Stull's contention is stated in the petition as follows: "We contend that the

will of J. Shirley Riley, deceased, created a valid and enforceable trust in favor of C. J. Stull."

Stull, realizing that he must either assert his cause of action against the corporation upon a contract with it, or base it upon the trust provisions in the will of Riley, specifically elected, in his argument before us, to rely upon the latter.

The intention of the testator, as it appears from the whole will, will predominate over all other technical words and expressions. "Where there is manifest a general intent, construction should be such as to effectuate such intent, though in so doing 'some particular or subordinate intent may be defeated, or the literal import of the word be departed from.' * * * Thus, when two clauses in the same instrument are entirely inconsistent, that clause should prevail which most nearly appears to be the intention of the donor, as gathered from the whole instrument." *Mills* v. *Embrey*, 166 Va. 383, 186 S. E. 47.

In order to constitute an express trust there must be either explicit language to that effect or circumstances which show with reasonable certainty that a trust was intended to be created. The declaration must be reasonably certain in its material terms. If the language is so vague, indefinite, or equivocal that any one of the elements is left in uncertainty, the trust must fail. 65 C. J., Trusts, sections 21 and 50.

With these rules to guide us, it seems clear that the predominant and impelling purpose of Riley was to create a trust for the support and maintenance of his mother and sister. They were the prime beneficiaries. All other considerations were incidental as shown by the direction that the trustes should manage and vote the stock "in such manner as in their judgment is most advantageous for the beneficiaries of the trust," a direction that twice appears in item IV of his will. That direction, in fact, enjoined upon the trustees the duty to see that the best interests of the beneficiaries were not impaired by any other suggestion, or direction.

The terms of the trust estates for Mrs. Knisely and Mrs. Whitesell were limited by the language of the legacy itself. They were to end upon the death of each beneficiary. Thereafter the stock became the absolute property of the ultimate holder. The trust did not survive the purpose of its creator. When the purpose of a trust has been accomplished and the entire ownership of its corpus vested, the trust will terminate.

The trust provision for Mrs. Whitesell never became effective, since she died before the testator. The corpus which would have constituted that trust became the absolute property of Mrs. Knisely. Whether Mrs. Knisely is entitled to these 250 shares as the sole heir-at-law of her mother, or by virtue of the lapsed legacy statute, Virginia Code, 1942 (Michie), section 5238, or as the sole heir-at-law of Riley, is immaterial.

While the trustees were given the right to sell or dispose of the stock with the consent of Mrs. Whitesell, if living and capable of consenting, there is no direction that, in the event of sale, it should be made subject to any rights or benefits that Stull or any one else had in it. The provision that it should be voted to continue the employment of Stull by the corporation was limited to the time the trustees held the stock, and to such voting as was for the best interest of the primary beneficiaries. This is apparent from subsections (1) and (2) of section (c) of item IV of the will.

We agree with the trial court that "It was not the intention of the testator to encumber or impair the value of the trust estate by attaching a perpetual condition or restriction which was inconsistent with the main object of the trust."

The 250 shares originally bequeathed in trust for his mother having passed to his sister, the trustees could not control the acts of the corporation through the voting power of the remaining 250 shares held in trust for Mrs. Knisely. Riley did not change his will after the death of his mother. If he had wanted all of his stock held in trust and his

trustees thereby placed in control of the corporation, he would doubtless have undertaken to effect that result.

The provision in favor of Stull is but a vague expression of the testator's desire that Stull might continue in the employment of the corporation. There is no provision that Stull should be employed by the corporation as long as he lived, nor any penalty provided for the failure of the trustees to vote to retain his services. It is not stated as to whom the services of Stull should be satisfactory. Stull could determine whether he would continue the employment or quit at any time. There was no provision that the stock should be held in trust as long as Stull should live, which might possibly be for a longer time than the life of Mrs. Knisely, and none as to how it should be voted after it left the hands of the trustees.

The provision for the employment of Stull was merely the expression of a wish or direction incidental and subordinate to the controlling purpose of the trust in favor of the primary beneficiaries. This is the construction which carries out the manifest intent of the testator.

It is not alleged in the bill that Riley acted as the agent of the corporation or had the authority to act as its agent in making a contract for the permanent employment of Stull. As a mere stockholder, holding a majority or minority of stock of the corporation, he did not have the authority to act as its agent. 13 Am. Jur., Corporations, section 416. There is no allegation that the corporation ratified any such contract. As a matter of fact, the will itself negatives any idea that Stull had a contract with the corporation for life or permanent employment. If Riley had thought Stull had such a contract, there would have been no necessity for any provision in the will dealing with Stull's employment.

The election of Stull to rely upon the provisions of the will releases the corporation so far as this case is concerned. Stull relies on the promises alleged to have been made by Riley, not as an agent but on behalf of himself, promises which, he alleges, Riley carried out until his death,

and undertook to have performed in the future. The trial court correctly held, under the pleadings, that there was no enforceable contract against the corporation.

In the dismissal of the cause as to the corporation and its retention as to the executors, there is no adjudication that any enforceable contract existed between Stull and Riley. The trial court has not passed upon that question, nor was it required to do so under the pleadings and issues before it. The court held that the will of Riley did not subject the testator's specified stock to a trust in favor of Stull. Whether or not Riley made an enforceable promise to Stull to set up such a trust in his will was not an issue in this particular proceeding. However, if there was any such contract between Stull and Riley, the corporation is not involved in it. The cause was retained on the docket as to the executors merely for such other proceedings as the court, or the parties, might deem to be proper under the pleadings and issues.

The determination in paragraph 3 of the decree of April 26th, that the 250 shares of stock therein referred to held by Woods and Lupton, executors and trustees, are "now held for the sole benefit and for the best interest of Georgia R. Knisely, whose welfare alone the said Trustees are required to consider and preserve in carrying out the duties imposed by said trust," was, perhaps, inadvertently included in the decree of the court.

█ The purpose of Stull's bill was to establish an alleged contract and to impress the stock mentioned in Riley's will with an employment trust in his favor. He was not concerned with the final disposition of the corpus of the spendthrift trust set up for the benefit of Mrs. Knisely. If it was not subject to the alleged trust in his favor, he was not concerned whether it was for the sole benefit of Mrs. Knisely, or only for her life, with the power of appointment, or whether it was a valid spendthrift trust. These questions were not alleged or put in issue by the pleadings. The determination of them went beyond the issues of the

case, and the decree should be modified by striking out the quoted language in the foregoing paragraph.

"Neither the court below nor this court can base its decree.on facts not alleged or put in issue by the pleadings, or safely grant relief except upon issue made by the pleadings and sustained by the evidence in the cause." *Chakales* v. *Djiovanides,* 161 Va. 48, 170 S. E. 848.

See also, *Linkous* v. *Stevens,* 116 Va. 898, 83 S. E. 417; *Dulaney* v. *Smith,* 153 Va. 118, 149 S. E. 441; and *Drewry* v. *Doyle,* 179 Va. 715, 20 S. E. (2d) 548.

The petition of Stull for an appeal, Record No. 2788, was filed August 20, 1943, and that of Woods and Lupton, executors, Record No. 2787, on the following day. Both appeals were granted October 5, 1943. Duplicate transcripts of the record are filed with each of the petitions, which transcripts were apparently made up at separate times by the clerk of the trial court.

Our attention is directed to the fact that counsel for Stull was unsuccessfully urged by counsel for the other parties to agree to the printing of only one copy of the record with both petitions, all under one cover. This should have been done in the interest of economy. Virginia Code, 1942 (Michie), sections 6340 and 6342. The unnecessary and additional printing expense incurred thus increases the amount of the costs which must be charged against Stull, by reason of our conclusions herein.

Save as indicated, we find no error in the proceedings. The final decree, therefore, except as modified by the elimination of the quoted language from paragraph 3 thereof, is affirmed, and the cause remanded for such other proceedings as may be deemed necessary.

*Affirmed as modified, and remanded.*