## Richmond

HANSON BUCHNER, ET AL., ETC. v. KENYON L. EDWARDS COMPANY, INC.

January 19, 1970.

Record No. 7049.

Present, All the Justices.

*Nathan L. Silberberg* (D.C.) (*Howard B. Silberberg*, on brief), for appellants.

No brief or argument for appellee.

COCHRAN, J., delivered the opinion of the court.

Kenyon L. Edwards Company, Inc., filed its petition in chancery for declaratory judgment in the Circuit Court of Arlington County against Hanson Buchner and Eugene J. Sobel, Trustees. Edwards, as contract owner of a certain parcel of land in Fairfax County, sought to have a restrictive covenant affecting the property declared void. The covenant prohibited use of the land without prior approval by Buchner and Sobel and their successors in title.

Evidence was heard *ore tenus* by the lower court. The motion of Buchner and Sobel to strike petitioner's evidence was overruled by the chancellor on the ground that validity of the restrictive covenant depended upon the reasonableness of its application. He then proceeded to hear evidence bearing upon the reasonableness of the refusal by Buchner and Sobel to approve the proposed use of the land for a High's Ice Cream store. After all evidence was heard he rendered a written opinion holding that the restrictive covenant was not invalid. He then went further and held that the refusal by Buchner and Sobel to consent to the proposed use by Edwards for a dairy store was "arbitrary and unreasonable". Thus in effect he held that a valid restriction was being invalidly applied. Accordingly, a decree was entered authorizing Edwards "to proceed with his proposed use of the said property, to wit, as the location thereon of a dairy store notwithstanding the fact that consent for such use had not been obained . . ." We granted Buchner and Sobel an appeal from this final decree.

Although numerous errors have been assigned, there is one controlling question. That question is whether the trial court erred in its ruling that although the restrictive covenant was not invalid, Buchner and Sobel nevertheless could not prevent the contemplated use of the property by Edwards. Under the pleadings, this ruling constitutes reversible error.

The petition for declaratory judgment did not question the reasonableness of the denial of approval for a particular use or ask for injunctive relief prohibiting such denial. Rather, it asked that the restriction be declared "void and of no force and effect" as a general restraint upon use of the property and thus contrary to public policy. Buchner and Sobel contended that the restriction was based upon valuable consideration, was valid as a matter of law as a contractual right freely bargained for, and that reasonableness in its application was not an issue. No effort was ever made to amend the pleadings to allege invalid application of a valid restriction by unreasonable or arbitrary action. Counsel for Edwards consistently maintained that the restriction was invalid on its face, regardless of its application.

In considering the restrictive covenant the circumstances under which it was imposed should be reviewed. This was one of nine covenants constituting the sole consideration for granting a perpetual easement to use in common with others a certain private road known as Gatehouse Road. The right to use this private road was necessarily

a valuable asset in development of the Edwards land which had limited frontage on Gallows Road as its only means of access. The Edwards property, consisting of 76,238 square feet of land near the intersection of Routes 50 and 495, was platted as three lots designated as Lots 15-A, 15-B and 16-A of Taylor and Helen B. Williams Property. We are concerned with lot 15-B, which had comparatively little value unless vehicular access to Gatehouse Road could be made appurtenant to it. As platted it had no frontage on Gallows Road and any access to this public highway must be across Lot 15-A or Lot 16-A. Thus while not landlocked it was unfavorably situated for commercial development.

The deed of easement dated May 31, 1966, from Buchner and Sobel to Edwards' predecessors in title, was recorded August 8, 1966 in the Clerk's Office of Fairfax County. The right to use Gatehouse Road for ingress to and egress from Lots 15-A and 15-B was granted subject to the nine covenants "running with the land", which were accepted by the grantees as evidenced by their uniting in the deed. Restrictive covenant "2", now in controversy, provides:

"That no use shall be made of Lot 15-B of the aforesaid parcel belonging to the parties of the second part, until the proposed use, site plan, architecture, lighting and signs have first been approved by the parties of the first part herein, or their successors or assigns."

Under the terms of the deed this covenant, as well as seven others, would expire twenty years after the date of recordation of the deed. One of the covenants provided that Lot 15-A be used for a gasoline filling station subject to approval of site plan, architecture, lighting and signs by Buchner and Sobel.

The grantees had initiated negotiations with Buchner for the easement and arranged for preparation of the deed. At first Buchner objected to giving Lot 15-B access to Gatehouse Road before a specific use for this parcel had been proposed and approved as had been done for Lot 15-A. But the grantees urged that it was cheaper for them to make curb-cuts into both Lots 15-A and 15-B at the same time and that Buchner and Sobel would have the same control over use of Lot 15-B under the restrictive covenant that they would have if the easement were made appurtenant only to Lot 15-A and extended by later instrument to Lot 15-B. Accordingly, Buchner and Sobel executed the deed of easement.

They derived no benefit from the transaction. On the contrary, they were interested in other nearby properties, including a shopping center development served by Gatehouse Road. They had negotiated valuable commercial leases, one of which, in the opinion of Buchner and Sobel, required them to refuse approval of the proposed use of Lot 15-B for a dairy store in competition with their lessee. Buchner also candidly admitted that he wished to protect other properties by requiring "compatible" use and architectural design for Lot 15-B.

In holding that the restrictive covenant was not invalid the lower court ruled on the sole issue raised by the pleadings. Further, no cross-error was assigned to this ruling which is therefore not properly before us and is now final. Rule 5:1 § 4, Rules of Court; *Causey* v. *Lanigan*, 208 Va. 587, 159 S. E. 2d 655, 660 (1968); *Craig* v. *Kennedy*, 202 Va. 654, 655, 119 S. E. 2d 320, 321 (1961). (Edwards was represented by counsel during the time within which assignment of cross-error could have been filed.) But the court erred in going further to pass upon the reasonableness of application of the restrictive covenant, an issue beyond the pleadings. This the chancellor had no authority to do. *Bolling* v. *General Motors Acceptance Corp.*, 204 Va. 4, 9, 129 S. E. 2d 54, 57, 58 (1963); *Parks* v. *Wiltbank*, 177 Va. 461, 465, 466, 14 S. E. 2d 281, 282 (1941); *Dobbs* v. *Dobbs*, 150 Va. 386, 390, 143 S. E. 702, 704 (1928). The reasonableness of Buchner and Sobel in refusing to approve the use of Lot 15-B for a dairy store, as to which we express no opinion, should not have been considered.

The decree which permits the proposed use of the property without approval by Buchner and Sobel is therefore reversed and the case is remanded for entry of a decree not inconsistent with the views herein expressed.

*Reversed and remanded.*